M.K. HAGEMANN, P.C.
Michael K. Hagemann (State Bar No. 264570)
mhagemann@mkhlaw.com
1801 Century Park East, Suite 2400
Century City, CA 90067
Tel: (310) 773-4900
Fax: (310) 773-4901

Attorneys for Plaintiff 431 S ALMONT LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| 431 S ALMONT LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BEVERLY BILLS, a California Municipal Corporation; TERENCE MAY, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF (28 U.S.C. § 2201) – FIRST ELEVEN CLAIMS**<br>**(2) VIOLATION OF 42 U.S.C. § 1983 – TWELFTH AND THIRTEENTH CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff 431 S ALMONT LLC (hereinafter "Plaintiff"), hereby files its Complaint against Defendants CITY OF BEVERLY BILLS, a California Municipal Corporation and TERENCE MAY, an individual (hereinafter "Defendants"), as follows:

-1-
COMPLAINT

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as all claims, "aris[e] under the Constitution, laws, or treaties of the United States." Only federal claims pursuant to 28 U.S.C. § 1331 are intended to be asserted herein.

2. This Court has general personal jurisdiction over Defendants, as Defendants reside in this judicial district and do business in this judicial district, and this Court has long arm jurisdiction over Defendants pursuant to F.R.C.P. 4(k)(1)(A) and California Civil Procedure § 410.10 et seq.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that the subject property is located in the Central District of California.

4. The Southern Division is proper pursuant to General Order No. 24-04 I.B.1.a.(1)(c) because Plaintiff's sole member (i.e. the trustee of the trust) resides in the County of Orange and this case does not involve the United States.

## THE PARTIES

5. Plaintiff is, and at all times pertinent to this Complaint was, a limited liability company, formed under the laws of the State of California, with its principal place of business located in the State of California. Plaintiff's sole member is a trust, and the trustee and present beneficiary of said trust are both citizens of the State of California.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant City of Beverly Hills is a municipal corporation formed under the laws of the State of California, with its municipal boundaries located entirely within the County of Los Angeles, in the State of California, and is thus a citizen of the State of California.

7. Plaintiff is informed and believes, and on that basis alleges, that

Defendant Terence May is an employee of Defendant City of Beverly Hills who resides in the State of California, and is thus a citizen of the State of California.

8. All claims, below, are asserted against both named Defendants.

## GENERAL ALLEGATIONS

9. Plaintiff is the owner of a single-family detached residence located in the City of Beverly Hills.

10. This action is filed out of desperation and frustration. Defendants contend that Plaintiff is criminally breaking the law by failing to properly maintain the landscaping of the subject home, but won't explain how, precisely. Defendant City of Beverly Hills has delegated the task of enforcing its municipal codes and communicating, at least as to Plaintiff, to Defendant Terence May.

11. Plaintiff is concerned Defendants are targeting older homes owned by seniors with fixed incomes to force sales which reset, per California Constitution Proposition 13, as amended, (and thus drastically increase) property tax income. Thus, dramatically increase the income of Defendant City of Beverly Hills. The beneficial owner of Plaintiff is exactly that – a senior on a fixed income with an older home with a very low property tax basis.

12. Defendants (through Defendant May) have threatened, and in fact purported to impose, **criminal** sanctions ($100.00 penalty) against Plaintiff for failing to comply with their "Notice[s] of Violation." Defendants' written threats in said notices include incarceration and a threat of daily **criminal** penalties that appear to escalate up to $500.00 per day after two days.

13. Plaintiff has repeatedly requested, in writing (email), for Defendants to explain, in plain language, what they are requesting from Plaintiff, and the legal basis for those requests. Defendants have essentially refused – even stating that Plaintiff should file a California Public Records Act request to obtain Defendant

-3-
COMPLAINT

1  May's notes to determine what they need to do.  (Email dated May 28, 2024 at 4:10
2  pm from Defendant May).
3       14.    Plaintiff, including via their predecessor-in-interest, has had a
4  professional landscaping company regularly maintain the subject property since the
5  letters first started arriving to Plaintiff's predecessor-in-interest in approximately
6  May of 2024.  Plaintiff has even attempted to guess what Defendants are referring
7  to, and apparently it has guessed wrong.
8       15.    The core problem is: the municipal codes highlighted in Defendants'
9  letters are hopelessly vague and ambiguous, thus it's unclear which vague and
10 ambiguous municipal code Defendants contend their pictures included with their
11 letters evidence a violation of.  And to the extent Defendants contend the pictures
12 show violations, Defendants alleged violations would be absurd and virtually every
13 home in the City of Beverly Hills could be cited.  A single weed?  A single
14 advertising newspaper that a third-party threw onto Plaintiff's property?
15      16.    Further, Defendants appear to keep moving the goal posts.  Plaintiff
16 feels like it is playing whack-a-mole with Defendants.
17      17.    On September 17, 2024, Plaintiff recently repeated its request for
18 clarification, including noting that Defendants had failed to update their ownership
19 records despite multiple requests, and that it appeared the City's vague and
20 ambiguous municipal codes, were being enforced selectively against Plaintiff.
21      18.    After Plaintiff's September 17, 2024 email, Defendants promptly
22 retaliated and issued a citation the next day (September 18, 2024), including
23 threatening **daily** citations.
24      19.    Put simply, Plaintiff has every intention of complying with all **lawful**
25 requirements imposed by law, but has reached an impasse in its discussions with
26 Defendants as to what they even want, let alone the lawfulness of the municipal
27 codes cited by Defendants.
28      20.    Plaintiff is requesting that this Court clarify Plaintiff's legal

-4-
COMPLAINT

obligations, including invaliding Unconstitutional municipal codes and the criminal sanctions therein.

21. Plaintiff is also seeking damages (plus punitive damages in an amount determined by the Court) for violation of Plaintiff's rights "under color of law."

# FIRST CLAIM
## (DECLARATORY RELIEF: VOID FOR VAGUENESS - MUNICIPAL CODES PUNISHABLE AS CRIMES)

22. The allegations contained in paragraphs 1 through 21 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

23. Defendant City of Beverly Hills publishes their Municipal Code here: https://codelibrary.amlegal.com/codes/beverlyhillsca/latest/beverlyhills_ca/

24. As quoted by Defendants on numerous occasions in their letters to Plaintiff, violation of the Beverly Hills Municipal Code is putatively a crime according to the Beverly Hills Municipal Code, punishable by a fine and imprisonment. *See* Beverly Hills Municipal Code §§ 1-3-101 to 1-3-106.

25. Further, violation of the Beverly Hills Municipal Code putatively subjects a violator to criminal penalties imposed by a city employee: $100.00 for the first violation, $200.00 for the second violation, and $500.00 for the third and subsequent violation. *See* Beverly Hills Municipal Code §§ 1-3-311. According to Defendants, apparently every day a violation persists is a new potential violation. *See* Beverly Hills Municipal Code §§ 1-3-311(B). In other words, the City contends it has the right to fine Plaintiff $181,800.00 per year if the landscaping is, *inter alia*, not sufficiently "aesthetic" as determined by some unelected city employee. *See* Beverly Hills Municipal Code § 5-7-3.

26. Plaintiff asks the Court to declare that the following Beverly Hills Municipal Codes are void in their entirety for vagueness in violation of the United

States Constitution per *Grayned v. City of Rockford*, 408 U.S. 104, 391 (1972):

    a) Beverly Hills Municipal Code § 1-3-311(B) ("daily" fines - rendered impermissibly vague by Beverly Hills Municipal Code § 1-3-304(B) – do you have twenty days or not?)

    b) Beverly Hills Municipal Code § 5-7-3(A). Illustrations of vagueness, below.

    c) Beverly Hills Municipal Code § 5-7-4 in its entirety. Illustrations of vagueness, below.

    d) Beverly Hills Municipal Code § 8-4-1 in its entirety. Illustrations of vagueness, below.

27.    Argued alternatively, portions of the above code sections are void for vagueness, including but not limited to all the violations alleged by Defendants against Plaintiff. Defendants have highlighted §§ 5-7-3(A), and § 5-7-4(D)(1), (2), and (4) in their letters. Plaintiff presumes those are the subsections allegedly violated, but Plaintiff's requests for clarification, have been ignored.

28.    Just a few illustrations of the absurdity of the vagueness in the municipal code sections, above, are that Defendants appear to contend a person can be incarcerated (six-month sentences - served consecutively for each day of violation?) for and fined $181,800.00 per year, but:

    a) Who decides what is "safe" or "clean" or "orderly" or "sanitary" or "aesthetic?"

    b) Is the height of "grass" measured from above the ground or the length of the length of the particular blade of grass?

    c) Is one single blade of grass sufficient to cause a violation, or does the plural in the code require more than one blade? If so, how many blades?

    d) What plants are a "grass" and what are not a "grass"? Does a botanist

need to opine? Is a "weed" a "grass"? If grass has died, can it be removed or does the past existence require an owner maintain it forever? Eventually dead grass will become dirt, so when is grass "dead" enough? Why are different plant types even distinguished?

e) How many "weeds" can a property have before it is in violation? What's a "weed?"

f) What does "untrimmed" hedges mean? How often must hedges be trimmed to be deemed "trimmed?"

g) When is shrubbery growing "uncontrolled?" What is "proper" pruning?

h) How quickly does an owner need to pick up a single advertising newspaper deposited by a third-party to not be arrested and incarcerated? Why can the city go after the owner when a known third party is depositing the advertisements?

i) When is a tree an "obstruction" to a walkway? What about California substantive tree law which limits the ability to injure trees?

j) Subsection (R) of section 5-7-4 appears to be citing to non-existent code sections.

k) Is a "weed" "plant material?" Is there a minimum density of "plant material?"

29. Based on the repeated letters by Defendants to Plaintiff, including continuing to move the goal posts and the financial incentive to force Plaintiff and those similarly situated to sell, Plaintiff believes Defendants will continue to attempt to enforce these unconstitutional municipal codes in the future as to Plaintiff and others unless the Court declares these codes void and unenforceable. Further, leaving this uncertain and undecided is likely to force Plaintiff and others to sell when they otherwise would prefer not to, or expend funds when otherwise not required by law, for fear of criminal prosecution.

## SECOND CLAIM

## (DECLARATORY RELIEF: DEFENDANTS MUST EXPLAIN ALLEGED VIOLATIONS IN PLAIN LANGUAGE)

30. The allegations contained in paragraphs 1 through 29 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

31. Substantive and Procedural Due Process rights of the United States Constitution requires that all "Notice[s] of Violation" and "Administrative Citation[s]" or similar documents sent by Defendants must affirmatively include a written description, **in plain language**, of what the violation is, how it can be cured, and the supporting laws which require abatement. And Plaintiff requests that any such documents missing said descriptions are (and were) void and of no legal effect.

32. Alternatively, Substantive and Procedural Due Process rights of the United States Constitution require Defendants, upon written (or email) request, to provide a written description, **in plain language**, of what the violation is, how it can be cured, and the supporting laws which require abatement.

33. Here, Defendants have failed to provide explanations to Plaintiff required by the United States Constitution, even after Plaintiff affirmatively requested it. To be clear: Plaintiff should not even have to request this: it should be affirmatively included.

34. This claim is interrelated with the first claim: one reason why an explanation is needed is because of the vague and ambiguous statutes at issue.

35. Based on the repeated violations by Defendants after requests from Plaintiff to cure, Plaintiff believes Defendants will continue this unconstitutional practice in the future with Plaintiff and others unless the Court declares this practice unlawful. Further, leaving this uncertain and undecided is likely to force Plaintiff and others to sell when they otherwise would prefer not to, or expend funds when otherwise not required by law, for fear of criminal prosecution.

# THIRD CLAIM

## (DECLARATORY RELIEF – NO RATIONAL BASIS)

36. The allegations contained in paragraphs 1 through 35 of this Complaint are re alleged and incorporated by reference as if fully set forth herein.

37. To the extent the codes, below, survive the Court's void-for-vagueness analysis, then the City of Beverly Hills has and had no rational basis to enact:

a) Beverly Hills Municipal Code § 5-7-3(A).
b) Beverly Hills Municipal Code § 5-7-4 in its entirety.
c) Beverly Hills Municipal Code § 8-4-1 in its entirety.

38. Based on the historical conduct of Defendants alleged herein, Plaintiff believes Defendants will seek to pursue criminal penalties unless and until the Court declares that Defendants are unable to do so. Further, leaving this uncertain and undecided is likely to force Plaintiff to sell when it would otherwise prefer not to and/or expend funds when otherwise not required by law, for fear of criminal prosecution.

# FOURTH CLAIM

## (DECLARATORY RELIEF – PUNISHING FAILURE TO PERMIT WARRANTLESS TRESPASS)

39. The allegations contained in paragraphs 1 through 38 of this Complaint are re alleged and incorporated by reference as if fully set forth herein.

40. Section 5-7-19 of the City of Beverly Hills' Municipal Code, which purports to waive the protections of the Fourth Amendment and Takings Clause to the United States Constitution, by penalizing the failure to permit warrantless access to real property, and is thus invalid.

41. Based on the historical conduct of Defendants alleged herein, Plaintiff believes Defendants will seek to gain access to the subject property without a warrant, and then punish Plaintiff if it refuses, unless and until the Court declares that Defendants are unable to do so. Further, leaving this uncertain and undecided is likely to force Plaintiff to sell when it would otherwise prefer not to and/or permit a trespass not required by law, for fear of criminal prosecution.

## FIFTH CLAIM
### (DECLARATORY RELIEF – UNLAWFUL CONSCRIPTION)

42. The allegations contained in paragraphs 1 through 41 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

43. To the extent the Court finds the Beverly Hills Municipal Code permits Defendants to punish Plaintiff for the actions of third parties, such as advertisers who throw advertising materials on Plaintiff's property without Plaintiff's consent, then such code violates Plaintiff's First Amendment Rights in that it operates to compel Plaintiff to Petition to the Court to compel third parties to refrain from such conduct.

44. Further, it defies rational basis, is a taking, and violates due process and the cruel and unusual punishment provision of the U.S. Constitution to punish Plaintiff for the undesired nonconsensual acts of third parties, especially when Defendants can and should regulate, pursue, and enjoin those known parties (their name is on the advertisement) if their conduct is not desired by Defendants.

45. Based on the historical conduct of Defendants alleged herein, Plaintiff believes Defendants will seek to pursue criminal penalties unless and until the Court declares that Defendants are unable to do so. Further, leaving this uncertain and undecided is likely to force Plaintiff to sell when it would otherwise prefer not to and/or expend funds when otherwise not required by law, for fear of criminal

prosecution.

## SIXTH CLAIM

### (DECLARATORY RELIEF – SELECTIVE PROSECUTION)

46. The allegations contained in paragraphs 1 through 45 of this Complaint are re alleged and incorporated by reference as if fully set forth herein.

47. To the extent the codes asserted by Defendants against Plaintiff survive invalidity on the claims, above, then the City of Beverly Hills is violating Plaintiff's due process and equal protection rights by selectively prosecuting it which precludes the ability to prosecute Plaintiff here.

48. Based on the historical conduct of Defendants alleged herein, Plaintiff believes Defendants will seek to pursue criminal penalties unless and until the Court declares that Defendants are unable to do so. Further, leaving this uncertain and undecided is likely to force Plaintiff to sell when it would otherwise prefer not to and/or expend funds when otherwise not required by law, for fear of criminal prosecution.

## SEVENTH CLAIM

### (DECLARATORY RELIEF – NO VIOLATIONS (RULE OF LENITY))

49. The allegations contained in paragraphs 1 through 48 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

50. Plaintiff contends that it is not in violation of any lawful provisions of Defendant City of Beverly Hills municipal code, and seeks a declaration to that effect, especially in light of the Rule of Lenity. *Commissioner v. Acker*, 361 U.S. 87, 91 (1959); *Leslie Salt Co. v. USA*, 55 F.3d 1388 (9th Cir. 1995).

51. Alternatively, Plaintiff requests that the Court declare what Plaintiff is required to cure so Plaintiff can comply, and determine what is a reasonable amount

-11-
COMPLAINT

of time to comply.

52. Based on the historical conduct of Defendants alleged herein, Plaintiff believes Defendants will seek to pursue criminal penalties unless and until the Court declares that Defendants are unable to do so.  Further, leaving this uncertain and undecided is likely to force Plaintiff to sell when it would otherwise prefer not to and/or expend funds when otherwise not required by law, for fear of criminal prosecution.

## EIGHTH CLAIM
## (DECLARATORY RELIEF – UNCONSTITUTIONAL PUNISHMENTS)

53. The allegations contained in paragraphs 1 through 52 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

54. Upon information and belief, the City lacks authority to punish any party for violation of any Municipal Code.  Rather, Defendants remedies for violation of the Municipal Code are confined to commencing a civil action.  Disobedience of a lawful court order would then be contempt.

55. Alternatively, it violates the Cruel and Unusual Punishment, Due Process, and Takings provisions of the United States Constitution to punish a party for violating the City of Beverly Hills Municipal Code.  Rather, the United States Constitution requires Defendants remedies for violation of the Municipal Code to be confined to commencing a civil action.  Disobedience of a lawful court order would then be contempt.

56. Alternatively, it violates the Cruel and Unusual Punishment, Due Process, and Takings provisions of the United States Constitution to punish a party for violating Sections 5-7-3, 5-7-4, and 8-4-1 of Sections 5-7-3, 5-7-4, and 8-4-1.  Rather, the United States Constitution requires Defendants remedies for violation of Sections 5-7-3, 5-7-4, and 8-4-1 and the Municipal Code to be confined to

commencement of a civil action. Disobedience of a lawful court order would then be contempt.

57. Alternatively, the uniform fine schedule in the municipal code, which does not distinguish between severity or harm of wrongful acts, is void on its face for that reason. *United States v. Bajakajian*, 524 U.S. 321 (1998). Alternatively, it is void as applied here on the same ground – the severity and harm of the alleged wrongful acts her are *de minimus* at most.

58. Alternatively, it is an unconstitutional taking and violation of due process for the City of Beverly Hills to demand payment prior to an internal administrative appeal, let alone before a Court has finally affirmed the validity of the fine.

59. The City of Beverly Hills also purports to charge a late fee on unpaid administrative fines which is an unconstitutional penalty:

> The amount of the administrative fine being imposed upon you for violation(s) of the Municipal Code is listed on the front of this Administrative Citation. These administrative fines must be paid to the City within twenty (20) days from the date of this Administrative Citation. Any person who fails to pay to the City on or before the due date shall be liable for the payment of the applicable late payment charges as follows: (1) For payments received within 30 days after the due date, a late fee in the amount of 50% of administrative fine due; (2) For payments received more than 30 days after the due date, a late fee in the amount of 50% of administrative fine due, plus an additional 10% of the overdue administrative fine for each month the payment is overdue. The maximum late fee shall be 100% of the overdue administrative fine.

60. Based on the historical conduct of Defendants alleged herein, Plaintiff believes Defendants will seek to pursue criminal penalties unless and until the Court declares that Defendants are unable to do so. Further, leaving this uncertain and undecided is likely to force Plaintiff to sell when it would otherwise prefer not to

-13-
COMPLAINT

and/or expend funds when otherwise not required by law, for fear of criminal prosecution.

## NINTH CLAIM

### (DECLARATORY RELIEF – SEPTEMBER 18, 2024 CITATION AND SUBSEQUENT PENALTIES ARE VOID)

61. The allegations contained in paragraphs 1 through 60 of this Complaint are re alleged and incorporated by reference as if fully set forth herein.

62. For the reasons set forth above, Plaintiff requests that the Court declare the September 18, 2024 administrative citation issued by Defendants to Plaintiff, and any subsequent attempts of Defendants to punish Plaintiff in violation of the declarations granted herein void, and any payments received by Defendants from Plaintiff shall be ordered returned to Plaintiff.

63. Alternatively, the September 18, 2024 administrative citation issued by Defendants to Plaintiff is void because it was retaliation for Plaintiff exercising its First-Amendment rights and having the audacity to contend that Defendants' actions were wrongful.

64. To the extent the Court finds there are violations of lawful and enforceable provisions remaining, due process requires that Plaintiff should be given a reasonable amount of time to cure in the duration determined reasonable by the Court, and Plaintiff requests a declaration regarding what is reasonable in the event the Court requires Plaintiff to take action.

## TENTH CLAIM

### (DECLARATORY RELIEF – FUTURE RETALIATION VIOLATES 42 U.S.C. § 1983 AND 18 U.S.C. § 242)

65. The allegations contained in paragraphs 1 through 64 of this

Complaint are re alleged and incorporated by reference as if fully set forth herein.

66. Plaintiff has a strong First-Amendment Right to Petition this Court.

67. Plaintiff believes Defendants will retaliate even more against Plaintiff after receiving this Complaint.

68. Plaintiff believes Defendants are far less likely to retaliate if the Court declares that: retaliation for filing of this Complaint, if that is found by the jury to be a motive for Defendants' actions, is a violation of 42 U.S.C. § 1983 and 18 U.S.C. § 242.

69. Plaintiff thus believes a declaration of rights on this subject is necessary to protect Plaintiff's First-Amendment Right to Petition this Court.

## ELEVENTH CLAIM

**(DECLARATORY RELIEF – DIMINUTION IN VALUE - 42 U.S.C. § 1983)**

70. The allegations contained in paragraphs 1 through 69 of this Complaint are re alleged and incorporated by reference as if fully set forth herein.

71. If this action is still pending, and this Court ultimately agrees with Plaintiff on any of the above claims (either in whole or in part), and Plaintiff is forced to sell the subject property before finality of this action (including all appeals), Plaintiff believes the subject property will sell for less than its fair market value. Plaintiff seeks a declaration that Defendants are liable for the diminution in value, if any, caused by Defendants' wrongful actions alleged herein which can be recovered by commencing an action under 42 U.S.C. § 1983 with the only issue of fact being the diminution in value caused by Defendants' wrongful actions as determined in this action.

## TWELFTH CLAIM

### (42 U.S.C. § 1983 – TAKING WITHOUT COMPENSATION)

72. The allegations contained in paragraphs 1 through 71 of this Complaint are re alleged and incorporated by reference as if fully set forth herein.

73. To the extent any of the codes at issue survive the above, then Defendants dictation of what must be contained on Plaintiff's real property is a taking without compensation in violation of the United States Constitution. The compensation owed to Plaintiff shall be determined once the surviving codes are determined by this Court.

## THIRTEENTH CLAIM

### (42 U.S.C. § 1983 – TAKING WITHOUT COMPENSATION / DUE PROCESS / CRUEL AND UNUSUAL PUNISHMENT / VIOLATION OF FEDERAL CRIMINAL STATUTES)

74. The allegations contained in paragraphs 1 through 73 of this Complaint are re alleged and incorporated by reference as if fully set forth herein.

75. The Municipal Code purports to force Plaintiff to pay the unlawful $100.00 citation to challenge it. The Administration Citation was sent to Plaintiff by Defendants via U.S. Mail and Electronic Mail over the Internet. Plaintiff has mailed a check via U.S. Mail for $100.00 to Defendants under protest.

76. Extorting payment before there has been a determination it is owed, or even a reasonable opportunity to dispute the lawfulness, is a taking for which compensation, a violation of due process, cruel and unusual punishment, 18 U.S.C. § 873 (extortion), and 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1961 (RICO).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For the declaratory relief (28 U.S.C. § 2201) requested in the first eleven claims, and;

2. For an injunction against Defendants compelling them to stay their "municipal proceedings" against Plaintiff until final disposition of the first eleven claims, and;

3. For an award of compensatory damages in the exact amount to be proved at trial after the first eleven claims are determined on the twelfth claim, and;

4. For an award of compensatory damages in the amount of $100.00, plus any subsequent payments demanded by Defendants on the thirteenth claim, and;

5. For punitive damages on the twelfth and thirteenth claim, and;

6. For an award of costs of suit, and;

7. For an award of attorneys' fees pursuant to 28 U.S.C. § 2022 and as required by equity and the U.S. Constitution (first eleven claims) and 42 U.S.C. § 1988(b) (twelfth and thirteenth claims), and;

8. For such other and further relief as the Court may deem just and proper.

DATED: September 19, 2024         M.K. HAGEMANN, P.C.

By: _____
Michael K. Hagemann
Attorneys for Plaintiff 431 S ALMONT LLC

## REQUEST FOR JURY TRIAL

Plaintiff 431 S ALMONT LLC hereby requests a jury trial on all the issues so triable.

DATED: September 19, 2024          M.K. HAGEMANN, P.C.

By: _____
Michael K. Hagemann
Attorneys for Plaintiff 431 S ALMONT LLC