M.K. HAGEMANN, P.C.
Michael K. Hagemann (State Bar No. 264570)
mhagemann@mkhlaw.com
1801 Century Park East, Suite 2400
Century City, CA 90067
Tel: (310) 773-4900
Fax: (310) 773-4901

Attorneys for Plaintiff 431 S ALMONT LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| 431 S ALMONT LLC, a California Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF BEVERLY HILLS, a California Municipal Corporation; TERENCE MAY, an individual, <br><br> Defendants. | Case No. 8:24-cv-02031-JVS-ADS <br><br> **PLAINTIFF'S REPLY TO ITS MOTION FOR JUDGMENT ON THE PLEADINGS [F.R.C.P. 12(c)] [DKT. 29]** <br><br> Courtroom: 10C <br> Judge: Hon. James V. Selna <br> Date: March 10, 2025 <br> Time: 1:30 pm <br><br> Complaint Filed: September 19, 2024 |

TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Plaintiff 431 S. Almont LLC ("Plaintiff")
hereby submits its reply to its Motion for Judgment on the Pleadings [Dkt. 29].

REPLY TO PLAINTIFF'S MTN. FOR JUD. ON THE PLEADINGS

1

# **TABLE OF CONTENTS**

**I.    INTRODUCTION** ..................................................................8

**II.   ABRIDGED ARGUMENTS FROM PLAINTIFF'S OPPOSITION [DKT. 35] TO DEFENDANT'S DUELING MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. 26]** ......................................................9

**A.   Defendant Is Mistaken That Local Rule 7-3 Requires a Party to Submit a Brief in Advance of the Conference** ..................................................9

**B.   There Is No Dispute Over Jurisdiction** ...........................................9

**C.   The *Younger* Doctrine Does Not Apply To Any Claim** ...........................9

1.   The U.S. Supreme Court Has Made It Very Clear The *Younger* Doctrine Doesn't Apply to 42 U.S.C. § 1983 Takings Claims .....................................10

2.   The Existence of the Second Claim in the Second Action Defeats the First and "Fifth" Element to the Application of *Younger* ...........................................10

3.   The Third Element of *Younger* Fails...............................................11

4.   The Fourth Element of *Younger* Fails..............................................11

**D.   Plaintiff Has Standing to Assert All Claims Asserted**...............................11

**E.   The First Claim Is Established as a Matter of Law** .................................12

1.   As Discussed, Above, Plaintiff Has Standing to Challenge All Three Sections ........................................................................12

2.   The "Hard Core" Doctrine, Assuming *Arguendo* It Even Exists, Doesn't Apply Here for Numerous Alternative Reasons ..................................................12

3.   The Weed/Grass Authorities Cited by Defendant Are Not Binding and They Are Distinguishable...............................................................14

4.   In the Alternative, Plaintiff Challenges the Ordinances As Applied to Plaintiff..........................................................................15

**F.   The Second Claim Is Established as a Matter of Law** .............................15

**G.   The Third Claim Is Established as a Matter of Law**...............................16

**H.   The Fourth Claim Is Established as a Matter of Law**..............................16

I.   **The Fifth Claim Is Established as a Matter of Law** .................................17

J.   **The Eighth Claim Is Established as a Matter of Law** .............................18

K.   **The Ninth Claim Is Established as a Matter of Law** ...............................19

L.   **The Tenth Claim Is Established as a Matter of Law** ...............................19

M.   **The Thirteen Claim Is Established as a Matter of Law** ..........................19

N.   **Plaintiff Agrees Punitive Damages Are Not Available Against Defendant City of Beverly Hills Based on The Current Law and Authorities** ................20

III.   **ARGUMENTS NOT IN PLAINTIFF'S OPPOSITION [DKT. 35] BECAUSE THEY WERE NOT IN DEFENDANT'S MOTION [DKT. 26.]** ...20

A.   **Defendant's Objections to Judicial Notice [Dkt. 34] Must Be Overruled** 20

B.   **Supplemental Arguments Regarding Standing** .........................................21

C.   **Supplemental Arguments in Support of The Second Claim** ...................21

D.   **Supplemental Arguments Regarding** *Younger* .........................................22

E.   **Supplemental Arguments in Support of The Third Claim** .....................23

F.   **Supplemental Arguments in Support of The Fifth Claim** ......................23

G.   **Supplemental Arguments in Support of The Eighth Claim** ...................24

H.   **Supplemental Arguments in Support of The Thirteenth Claim** .............27

I.   **Defendant Is Mistaken That Plaintiff Must Find Authority That It's Affirmative Defenses Don't Exist; Nor Did Defendants Even Provide "Fair Notice"** ..............................................................................................................27

REPLY TO PLAINTIFF'S MTN. FOR JUD. ON THE PLEADINGS

# TABLE OF AUTHORITIES

**Cases**

*Agins v. City of Tiburon*, 447 U. S. 255 (1980) ........................................................16

*Antosh v. Vill. of Mount Pleasant,* 22-cv-0117-BHL (E.D. Wis. Mar 10, 2023) ......9

*Bauer v. Village of DeForest*, 229 Wis.2d 252, 599 N.W.2d 666 (Wis. App. 1999) (unpublished)..................................................................................................14

*Calder v. Bull*, 3 U.S. (3 Dall.) 386 (1798)...............................................................14

*Camara v. Municipal Court*, 387 U.S. 523 (1967) ....................................................16

*Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010) .................24

*City of Mayfield Heights v. Barry*, 2003 WL 21757738 (Ohio App. 2003)............14

*Cole v. Arkansas*, 333 U.S. 196 (1948) ....................................................................15

*Collins v. Markley*, 346 F.2d 230 (7th Cir.) (en banc)..............................................16

*Gul v City of Bloomington*, 22 N.E.3d 853, 862-863 (Ind. App. 2014) .................14

*Haaland v. Brackeen*, 599 U.S. 255 (2023)...............................................................23

*Hamling v. United States*, 418 U.S. 87 (1974) .........................................................15

*Horn v. County of Ventura*, 24 Cal. 3d 605 (1974) ........................................ 18, 20

*Johnson v. United States*, 576 U.S. 591 (2015) ........................................................12

*Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180, (2019) ..........................10

*Lankford v. Idaho*, 500 U.S. 110 (1991)....................................................................15

*Lingle v. Chevron U. S. A. Inc.*, 544 U.S. 528 (2005) ..............................................16

*Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982)................18

*Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) ...............................12

*Moustakis v. City of Fort Lauderdale*, 338 F.Appx. 820  (11th Cir. 2009)...... 25, 26

*Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) .......10

*North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975).................20

*Printz v. United States,* 521 U. S. 898 (1997).........................................................17

*Readylink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754 (9th Cir. 2014) ...................................................................................... 8, 9, 10, 11

REPLY TO PLAINTIFF'S MTN. FOR JUD. ON THE PLEADINGS

*Robertson v. United States ex rel. Watson*, 560 U.S. 272 (2010) (per curiam)

   (Roberts, C.J., dissenting) ................................................................18

*Shaffer v. Debbas*, 17 Cal. App. 4th 33 (Cal. Ct. App. 1993) ...............................26

*State v. Nath*, 2013 WL 1788261 (N.J. App. Div. 2013) (<u>unpublished</u>) ...............15

*Steffel v. Thompson*, 415 U.S. 452 (1974) ...............................................12

*United States v. Bajakajian*, 524 U.S. 321 (1998) ..................................... 18, 24, 26

*United States v. Carll*, 105 U.S. 611 (1882) ...........................................21

*United States v. Cortez-Rivera*, 454 F.3d 1038 (9th Cir. 2006) ...........................28

*United States v. Dischner*, 974 F.2d 1502 (9th Cir. 1992) ...............................13

*United States v. Jackson*, 72 F.3d 1370 (9th Cir. 1995) ...............................21

*United States v. Morrison*, 536 F.2d 286 (9th Cir. 1976) ...............................21

*United States v. Raines*, 362 U.S. 17, 23 (1960)......................................13

*United States v. Rosi*, 27 F.3d 409 (9th Cir. 1994) ...................................22

*United States v. Yefsky*, 994 F.2d 885 (1st Cir. 1993) ...............................15

*Watison v. Carter*, 668 F.3d 1108 (9th Cir. 2012)....................................28

*Williams v. Reed*, 604 U.S. ____ (2025)..............................................8, 10

*Yim v. City of Seattle*, 63 F.4th 783 (2023).........................................23

*Younger v. Harris*, 401 U.S. 37 (1971)......................................... passim

**Statutes**

18 U.S.C. § 1341 ..................................................................19

18 U.S.C. § 1343 ..................................................................19

18 U.S.C. § 1961 ..................................................................20

18 U.S.C. § 242 ...................................................................19

18 U.S.C. § 873 ...................................................................19

42 U.S.C. § 1983 ............................................................... passim

Cal. Gov't Code § 36900 ...................................................... 25, 26, 27

Cal. Gov't Code § 53069.4 .........................................................27

REPLY TO PLAINTIFF'S MTN. FOR JUD. ON THE PLEADINGS

**Other Authorities**

https://www.justice.gov/archives/jm/criminal-resource-manual-225-charging-

    language-statute ................................................................................................... 21

**Rules**

Fed. R. Civ. P. 11 ..................................................................................................... 8

Fed. R. Crim. P. 7 ................................................................................................... 16

Fed. R. Evid. 801 .................................................................................................... 21

L.R. 11-6.1 .......................................................................................................... 9, 29

L.R. 7-3 .................................................................................................................... 9

REPLY TO PLAINTIFF'S MTN. FOR JUD. ON THE PLEADINGS

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

As recently as a few weeks ago (February 21, 2025), the U.S. Supreme Court in *Williams v. Reed*, 604 U.S. \_\_\_\_ (2025) ruled in a manner that reinforces Plaintiff's argument that *Younger v. Harris*, 401 U.S. 37 (1971) doesn't apply here. Namely, the one thing that both the majority and dissent agreed on in *Williams*, and cited numerous previous cases for: a 42 U.S.C. § 1983 claim filed in federal court **is never barred** even if a state proceeding is pending (here, Defendant appears to inaccurately contend a "state proceeding" is pending).  Rather, the disagreement in *Williams* was essentially whether a 42 U.S.C. § 1983 claim filed in **state court** can be barred by state law if a state proceeding is also pending.  The dispute in *Williams* further supports the Court's suggestion in *Readlink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 762 (9th Cir. 2014) that Plaintiff should file everything in federal court.

As to the municipal codes at issue: Defendants' defense appears to be: we found some out-of-state authority where those courts found, with essentially no analysis, that a small, small subset of the challenged municipal codes (grass height) were not woefully vague, therefore, all of our codes, even the ones that have nothing to do with grass height, are valid.  This is obviously specious.

Defendant appears to argue that its municipal codes are sufficiently broad that they can incarcerate any resident if and when they feel like it as they decide the line on a case-by-case basis.

Finally, it should be noted that Defendant's failure to defend any of its affirmative defenses (other than *Younger*) other that angrily arguing Plaintiff has to provide authority to prove a negative, appears to raise Rule 11 concerns.  Leave to amend should not be granted to assert affirmative defenses **that don't even exist** as a matter of law to the claims asserted and are unsupported by even remotely specific **factual** allegations.  This Court should not tolerate imaginary affirmative defenses.

## II.   ABRIDGED ARGUMENTS FROM PLAINTIFF'S OPPOSITION [DKT. 35] TO DEFENDANT'S DUELING MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. 26]

The arguments, below, are the abridged version of the arguments made in Plaintiff's opposition that are relevant here.  [Dkt. 35].  Plaintiff was required to abridge this section because of the word-count limit of Local Rule 11-6.1.

The purpose of bringing this to the attention of the Court is that Plaintiff believes the Court will likely rule on the dueling motions for judgment on the pleadings [Dkt. 26 and 29.] at the same time, likely in the same written order, and Plaintiff doesn't want to waste the Court's time reading the same arguments twice. However, if Plaintiff is mistaken and the Court reviews and rules on the motions separately, Plaintiff wants to ensure the arguments in this reply are self-contained.

### A.   Defendant Is Mistaken That Local Rule 7-3 Requires a Party to Submit a Brief in Advance of the Conference

It seems strange Defendant argued in <u>their motion</u> that Local Rule 7-3 was not complied with by Plaintiff.  Regardless, Local Rule 7-3 simply requires a conference.  There is no dispute that occurred.  (Stumreiter Decl. ¶ 9.  [Dkt. 28].) Defendant implies that Plaintiff was required to provide, in advance of the conference, a written brief.  Plaintiff does not understand how Defendant reads Local Rule 7-3 that way.

### B.   There Is No Dispute Over Jurisdiction

Defendant does not appear to dispute federal subject-matter jurisdiction over all the claims nor personal jurisdiction over Defendant.

### C.   The *Younger* Doctrine Does Not Apply To Any Claim

The *Younger* doctrine has been "narrowed significantly since [1975], and particularly so in the last decade" by the U.S. Supreme Court.  *See Antosh v. Vill. of Mount Pleasant,* 22-cv-0117-BHL (E.D. Wis. Mar 10, 2023) (citations omitted); *see, also*, *Readylink Healthcare, Inc.*, 754 F.3d at 758-59.

Courts now emphasize that *Younger* abstention is only warranted in three types of cases: "where federal jurisdiction would **intrude** into ongoing **state** criminal proceedings, or into certain civil enforcement proceedings (judicial or administrative) akin to criminal prosecutions, or into civil proceedings 'that implicate a **State**'s interest in enforcing the orders and judgments of its courts.'" *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (citations omitted ) (emphasis added.)

   1. <u>The U.S. Supreme Court Has Made It Very Clear The *Younger* Doctrine Doesn't Apply to 42 U.S.C. § 1983 Takings Claims</u>

The U.S. Supreme Court has very recently made clear there is no abstention on ruling on the twelfth and thirteenth claim in this Action for a taking under 42 U.S.C. § 1983. *See Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180 (2019); *Williams*, 604 U.S. at ___ (new authority not cited in opposition).

Given the 42 U.S.C. § 1983 takings claims are not subject to the *Younger* doctrine by virtue of the 2019 *Knick* decision, and the 42 U.S.C. § 1983 takings claims have many overlapping legal issues in the declaratory relief claims, it's seems deeply problematic from an issue preclusion and judicial-waste aspect to have two parallel litigation tracks: one in state court, and one in federal court. Rather, as the Ninth Circuit has recommended, "both administrative review and declaratory relief [should proceed] in federal court." *Readlink Healthcare, Inc.*, 754 F.3d at 762.

   2. <u>The Existence of the Second Claim in the Second Action Defeats the First and "Fifth" Element to the Application of *Younger*</u>

The propriety of the second claim of the second action is defended in the previously-filed opposition to the motion to dismiss filed in the second action. These two actions have been related. (RJN No. 38.)

The pendency of the second claim of the second action defeats two essential element of *Younger* as set forth in *Readlink*. First, it defeats the first element: "ongoing." *Readlink Healthcare, Inc.*, 754 F.3d at 759. Namely, implied in the

*Younger* doctrine is that the claim is "ongoing" in a **state** forum.  *Younger*, 401 U.S. at 43.

Second, to the extent the Court has any doubt about Plaintiff's interpretation of the first element, it need look no further than the "fifth" element: "whether the federal action would have the practical effect of enjoining the **state proceedings** and whether an exception to *Younger* applies."  *Readylink Healthcare, Inc.*, 754 F.3d at 759 (emphasis added).   Here, there is no pending "state proceeding."  This Court, **and no other forum, state or otherwise,** has all the issues in the two complaints pending before it.

    3.   <u>The Third Element of *Younger* Fails</u>

It seems unfathomable that a state could be found to have an "important" interest in a city's municipal code, thus the third element of *Younger* fails.  *Readylink Healthcare, Inc.*, 754 F.3d at 759 ("implicate an important state interest").  If the state thought it was important that all houses should be sufficiently "aesthetic," as determined by Defendant May, certainly there would be a state law so stating.

    4.   <u>The Fourth Element of *Younger* Fails</u>

Implied in the fourth element of *Younger* is the state forum <u>for which the action is presently pending</u> permits "litigants to raise federal challenges."  *Readylink Healthcare, Inc.*, 754 F.3d at 759.  Since the claims are not pending in a state forum, there is no way for Plaintiff to "raise federal challenges" in a non-existent forum. (Of note: the City's "proceeding" didn't even rule on Plaintiff's federal challenges despite being part of the record.  Exs. 3 (decision), 8 ("Case Report" starting on PDF page 6).)

**D.   Plaintiff Has Standing to Assert All Claims Asserted**

Defendant takes an exceptionally narrow interpretation of standing that defies existing jurisprudence:

Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy,

-11-
REPLY TO PLAINTIFF'S MTN. FOR JUD. ON THE PLEADINGS

between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Defendant seems to disregard those same exhibits wherein Defendants have threatened Plaintiff on numerous subsections well beyond the final citation. (The primary reason Plaintiff filed was because Defendants were incredibly unclear what were the violations, and Defendants had threatened future punishment. (RJN. 27 – citing to Exs. 4 and 6 [Dkt. 29-6 and 29-8].) *See Steffel v. Thompson*, 415 U.S. 452, 475 (1974) ("federal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a **genuine threat of enforcement** of a disputed state criminal statute, whether an attack is made on the constitutionality of the statute on its face or as applied.") (emphasis added).

Here, Defendant seems to argue that Plaintiff has standing to challenge some portions of codes, but not other potions. Defendant's attempt to excise subparts of its codes from review is not proper on two independent grounds. Namely, both the allegations of the Complaint, and alternatively, the communications subject to judicial notice, establish Plaintiff's standing to challenge the codes at issue in their entirety.

### E. The First Claim Is Established as a Matter of Law

See section III(D) of Motion [Dkt. 29.] for a plethora of unanswered questions about sections 5-7-3, 5-7-4, and 8-4-1. *See, also, Johnson v. United States*, 576 U.S. 591 (2015) ("otherwise involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague.)

1. <u>As Discussed, Above, Plaintiff Has Standing to Challenge All Three Sections</u>

Standing is discussed, above, in subsection D.

2. <u>The "Hard Core" Doctrine, Assuming *Arguendo* It Even Exists, Doesn't Apply Here for Numerous Alternative Reasons</u>

-12-

REPLY TO PLAINTIFF'S MTN. FOR JUD. ON THE PLEADINGS

*United States v. Dischner*, 974 F.2d 1502, 1510 (9th Cir. 1992) is clearly distinguishable. The Court noted: "Dischner and Mathisen contend that RICO does not define the prohibited conduct in sufficient detail. Yet neither offers any specific argument as to why the statute did not adequately warn them that their particular conduct is prohibited." *Id.* Here, that's exactly what Plaintiff contends (see above, Complaint, and judicial-notice communications) – Plaintiff doesn't know where Defendants contend the line is.

In the further alternative, Plaintiff disputes there was a "hard core" exception to vagueness found by *Dishner* as that word only appears in passing. Rather, it appears to Plaintiff the holding in *Dischner* was simply, "[N]either [Defendant] offers any specific argument as to why the statute did not adequately warn them that their particular conduct is prohibited." *Id.* at 1510.

And in the even further alternative, a "hard core" exception to vagueness is Constitutionally problematic as there is essentially an unstated line where a violation of a vague law is sufficiently serious, and that unstated line is a Constitutional problem, at least as applied codes where there is a continuum, such as the codes here. By way of example: as noted, above, how many blades of grass must exceed the height threshold to cause a criminal violation? If this Court says: "well, certainly if 100% do, that would be a 'hard core' violation," does all but one blade qualify as 'hard core'? What about 50%? What if the average blade height is below the limit? In sum, what is the purpose of keeping codes "on the books" if only 100% is enforceable which is likely physically impossible given there are almost certainly "baby" grass blades less than the height. *See, also, United States v. Raines*, 362 U.S. 17, 23 (1960) (when a law applies only to a fraction of situations, the entire law should be invalidated.)

Finally, as a matter of first impression, common sense, and reasonableness, the Court can and must balance the harm of the conduct sought to be prohibited with the degree of precision of language required. Namely, if a Court declares a law void

for vagueness, then anyone who allegedly violated the law in the past is "off the hook" and only violations after the law is clarified could be enforced. *Calder v. Bull*, 3 U.S. (3 Dall.) 386 (1798).  Bribery is far more harmful to society that an "unaesthetic" lawn.  Allowing those with "unaesthetic" lawns "off the hook" unless and until a city clarifies their ordinance is far less problematic for society than allowing those who give and accept bribes "off the hook."

> ### 3. The Weed/Grass Authorities Cited by Defendant Are Not Binding and They Are Distinguishable

Defendant resorts to out of state authorities, typically out of state state-courts, to defend their vague criminal codes.  However, these authorities do not support Defendant's position for numerous reasons, including different procedural posture, no real analysis, and failure to address the ambiguities raised, above.  Further, none of the weed or grass authorities are binding on this Court.

*Bauer v. Village of DeForest*, 229 Wis.2d 252, 599 N.W.2d 666 (Wis. App. 1999) (unpublished):

- The Court didn't address the vagueness issue at all ("we conclude that we need not address Bauer's legal arguments regarding vagueness and uncertainty.")

*City of Mayfield Heights v. Barry*, 2003 WL 21757738 (Ohio App. 2003)

- "Weeds" are defined in the ordinance at issue.  ("Weeds shall be defined as … ")
- The Court did not address any of the problematic aspects discussed by Plaintiff, above.  (Again, there was no real analysis)

*Gul v City of Bloomington*, 22 N.E.3d 853, 862-863 (Ind. App. 2014)

- Core of the case was a first-amendment defense to mowing one's lawn on "religious" grounds.

-14-
REPLY TO PLAINTIFF'S MTN. FOR JUD. ON THE PLEADINGS

- Held "grass" does not need to be defined as it's sufficiently well known.  However, the Court did not address any of the problematic aspects discussed by Plaintiff, above.

*State v. Nath*, 2013 WL 1788261 (N.J. App. Div. 2013) (<u>unpublished</u>):

- Trial was held, including a subsequent *de novo* trial where the second trial result in a larger narrowing of the case finding only he failed to trim his lawn.
- Applied a presumption of validity of municipal codes that appears unique to New Jersey.
- The Court cited general platitudes about void-for-vagueness, and there is extremely limited **<u>analysis</u>** of the ordinance at issue.
- The Court did not address any of the problematic aspects discussed by Plaintiff, above.

    4.   <u>In the Alternative, Plaintiff Challenges the Ordinances As Applied to Plaintiff</u>

To be clear: in its first claim Plaintiff contends the ordinances at issue are void for vagueness on their face.  Alternatively, Plaintiff contends the ordinances at issue are void for vagueness <u>as applied</u> to Plaintiff under the facts of this case.

Upon further research, Plaintiff's challenge to section 1-3-311(B) is limited to its Eighth, Ninth, and Thirteenth Claim discussed, below.

**F.    The Second Claim Is Established as a Matter of Law**

The second claim in the Complaint [Dkt. 1] is that Defendants are required to explain alleged violations in plain English.  *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948). "Notice of issues to be resolved by the adversary process is a fundamental characteristic of fair procedure." *Lankford v. Idaho*, 500 U.S. 110, 126 (1991) .

*United States v. Yefsky*, 994 F.2d 885, 893 (1st Cir. 1993) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also Collins v. Markley*, 346 F.2d 230,

232 (7th Cir.) (en banc) ("[T]he indictment standing alone must contain the elements of the offense intended to be charged, and it must be sufficient to apprise the accused of the nature of the offense."), *cert. denied*, 382 U.S. 946 (1965).

In sum, Rule 7(c)(1) of the Federal Rules of Criminal Procedure requirement that an indictment shall provide "a plain, concise and definite written statement of the essential facts constituting the offense charged." is not a matter of procedure, but a requirement of the United States Constitution for commencing criminal proceedings that can and must apply here.

For even more context, and why this relief is appropriate, see Request for Judicial Notice No. 27 (Exs. 4 and 6.) which simply supports the allegations of the Complaint.

### G.    The Third Claim Is Established as a Matter of Law

The third claim in the Complaint [Dkt. 1] is that several municipal code sections challenged in the first claim have no rational basis, thus violate due process. This claim is asserted in the alternative to the first claim (i.e. if this Court declares a given section void for vagueness, then it need not determine whether there is a rational basis for the void code.).

Namely, sections 5-7-3, 5-7-4, and 8-4-1 are so imprecise for the reasons discussed above in the first claim that they do not "substantially advance" any legitimate government interests.  *Lingle v. Chevron U. S. A. Inc.*, 544 U.S. 528 (2005) (clarifying the "substantially advances" test from *Agins v. City of Tiburon*, 447 U. S. 255 (1980) is a due-process test, not a takings test.)

### H.    The Fourth Claim Is Established as a Matter of Law

The fourth claim in the Complaint [Dkt. 1] is that section 5-7-19 of the City of Beverly Hills' Municipal Code (RJN No. 17), which punishes the failure to permit an illegal warrantless search and seizure in violation of the Fourth Amendment and Takings Clause of the United States Constitution.  Well-settled U.S. Supreme Court is squarely on point.  *Camara v. Municipal Court*, 387 U.S. 523, 533-34 (1967).

Defendant's characterization of its ordinance does match its text. Defendant clearly takes the position (both based on allegations and in judicially-noticed communications) that Plaintiff's property is in violation, so Plaintiff faces the real threat of Defendant invoking this section. Under Defendant's theory, declaratory relief could never be had as to this section since a plaintiff would not have standing until Plaintiff was punished for not permitting an illegal warrantless search and seizure. Clearly this is not the law. Declaratory relief is clearly available for things that have not yet happened yet – otherwise there would be no such thing as declaratory relief.

## I.     The Fifth Claim Is Established as a Matter of Law

The fifth claim in the Complaint [Dkt. 1] is that, to the extent section 5-7-4 of the City of Beverly Hills' Municipal Code is interpreted to require an owner to pickup advertising materials thrown on their property that the owner does not consent to, this is unlawful as it effectively conscripts the owner to file a legal action that could be taken by the City of Beverly Hills (either by enacting a Municipal Code prohibiting same, or suing the advertiser for nuisance.) in violation of due process and the First Amendment.

The legal support for this position is by analogy to *Printz v. United States,* 521 U. S. 898 (1997) in which the Court discussed how it was improper for Congress to "commandeer" state officials to enforce federal law. Like in *Printz*, the City of Beverly Hills is, practically speaking, forcing Plaintiff to file suit against advertisers who throw materials on its property, which impermissibly invades Plaintiff's First-Amendment Rights. It's also arbitrary and capricious in violation of due process, and a taking to compel Plaintiff to incur this cost.

If the City of Beverly Hills does not want advertisers to toss advertising materials on properties within its jurisdiction, or only to those property owners who consent and agree to be responsible for refuse removal, it should pass a code and enforce it.

**J.    The Eighth Claim Is Established as a Matter of Law**

The eighth claim in the Complaint [Dkt. 1] is that:

1)    A city is constitutionally-prohibited from enacting or prosecuting criminal laws. *See Robertson v. United States ex rel. Watson*, 560 U.S. 272 (2010) (per curiam) (Roberts, C.J., dissenting from the dismissal of the writ of certiorari as improvidently granted) (suggesting that criminal prosecutions may only be brought "in the name and pursuant to the power of the [state]").

2)    Alternatively, it violates the Cruel and Unusual Punishment, Due Process, and Takings provisions of the United States Constitution to punish a party for violating Sections 5-7-3, 5-7-4, and 8-4-1 of the Municipal Code. *United States v. Bajakajian*, 524 U.S. 321 (1998) (Unconstitutional to punish grossly disproportional to the gravity of the offense.). Dictating what **<u>must</u>** be on Plaintiff's property is a physical occupation and thus an uncompensated and thus unlawful taking. *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982) (the government has engaged in a taking if it authorizes a permanent physical occupation of private property.)

3)    Alternatively, the uniform fine schedule in sections 1-3-106 and 1-3-311 of the Municipal Code, which does not distinguish between severity or harm of wrongful acts, is void on its face for that reason. *Bajakajian*, 524 U.S. at 321.

The requirement to pay the $100.00 upfront is not equivalent to "bail." Bail is security to return for a Court appearance. It is also optional. Bail need not be paid – one can remain in jail until trial without paying bail. "Due process principles require reasonable notice and opportunity to be heard **before** governmental deprivation of a significant property interest." *Horn v. County of Ventura*, 24 Cal. 3d 605, 612 (1974) (emphasis added) (citations omitted.) Demanding money before

the start of any due process has been provided, and as a condition, is clearly improper.

### K.    The Ninth Claim Is Established as a Matter of Law

The ninth claim in the Complaint [Dkt. 1] is a challenge to the citation (Ex. 1) and alternatively, the penalties therefrom.  If the Court agrees with any of the above claims, then it must grant this relief.

Alternatively, fundamental fairness as required by due process requires that Plaintiff should be given a reasonable amount of time to cure in the duration determined reasonable by the Court, and any past citations and penalties deemed void.  It is illogical to believe that Plaintiff can instantaneously comply with whatever violations the Court finds.

Alternatively, this Court can and must exercise its equitable powers to give Plaintiff a reasonable amount of time to cure any alleged violation.

### L.    The Tenth Claim Is Established as a Matter of Law

The tenth claim in the Complaint [Dkt. 1] is the Court should declare that, as a matter of law, if it is subsequently found by the finder of fact that either Defendant retaliated against Plaintiff after the filing of this complaint, then such retaliatory actions by Defendants would violate both 42 U.S.C. § 1983 and 18 U.S.C. § 242.

Retaliation for Plaintiff's petitioning this Court in furtherance of its First-Amendment rights is an egregious violation of bedrock principles that justifies a judicial declaration to dissuade Defendants from engaging in such a course of action.

### M.    The Thirteen Claim Is Established as a Matter of Law

The thirteenth claim in the Complaint [Dkt. 1] is that the municipal code's requirement (section 1-3-313 at RJN No. 12) to forfeit money ($100.00) based solely on the decision of an unelected municipal employee (Defendant May in this instance) before entitlement to even an administrative hearing is an egregious violation of the takings clause, due process, cruel and unusual punishment, 18 U.S.C. § 873 (extortion), and 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud),

1    and 18 U.S.C. § 1961 (RICO).

2        **Alternatively**, for the reasons set forth in the claims, above, the taking of

3    $100.00 was wrongful. *Horn*, 24 Cal. 3d at 612 (citing to *North Georgia Finishing,*

4    *Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975) *inter alia*.) And bail, which is optional,

5    is an inapt analogy as discussed in the eighth claim, above.

6        The Court can take judicial notice that $100.00 was taken. (RJN No. 30.)

7    **N.    Plaintiff Agrees Punitive Damages Are Not Available Against**

8        **Defendant City of Beverly Hills Based on The Current Law and**

9        **Authorities**

10        Plaintiff agrees that, based on current U.S. Supreme Court authority, punitive

11    damages are only available against Defendant May and thus this Court is presently

12    bound to follow that authority. Plaintiff reserves the right to seek punitive damages

13    if the law changes, existing authorities are reversed/overturned, or to seek such

14    existing authorities be reversed/overturned on appeal/Petition, if any such appeal or

15    Petition is filed.

16    **III.    ARGUMENTS NOT IN PLAINTIFF'S OPPOSITION [DKT. 35]**

17        **BECAUSE THEY WERE NOT IN DEFENDANT'S MOTION [DKT.**

18        **26.]**

19        New arguments in Defendant's opposition [Dkt. 33] which were not contained

20    in their motion [Dkt. 26.] are as set forth in the headings, below.

21    **A.    Defendant's Objections to Judicial Notice [Dkt. 34] Must Be**

22        **Overruled**

23        The objections to judicial notice are essentially "relevance" objections and

24    objections to Plaintiff's summary of the exhibits, not objections asserting a dispute

25    over the accuracy of the underlying exhibits themselves. The legal arguments in the

26    motion [Dkt. 29] as elaborated on, above (and in Plaintiff's Opposition [Dkt. 35]),

27    explain why they are legally relevant and the Court has a copy of the exhibits to read

28    for itself. As for hearsay: any statements made by Plaintiff are not sought to be

admitted for the truth of the matter asserted by Plaintiff, but for what Plaintiff communicated to Defendants and when. *See* Fed. R. Evid. 801(c) advisory committee's note ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.") (citations omitted.)

**B.    Supplemental Arguments Regarding Standing**

Defendant's position regarding standing, coupled with its position on *Younger*, results in a tacit position that Defendant contends federal courts essentially never have jurisdiction over Defendant.  As supported by the authorities cited, above, standing is not nearly as narrow as Defendant argues, nor is *Younger* as broad as Defendant argues.

**C.    Supplemental Arguments in Support of The Second Claim**

The full quote from the Ninth Circuit is:

> An indictment that tracks the words of the statute violated is generally sufficient, **but implied, necessary elements, not presented in the statutory language, must be included** … .

*United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995) (emphasis added and citations omitted), cert. denied, 116 S.Ct 1546 (1996).

Importantly, one of the two citations for the above proposition in *Jackson* is *United States v. Morrison*, 536 F.2d 286, 289 (9th Cir. 1976), which itself cites to the following proposition:

> It is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.

*United States v. Carll*, 105 U.S. 611, 612 (1882).

Consistent with the citation to *Morrison*, the United States Department of Justice takes the position that the quote from *Jackson* is simply a restatement of the above quote from *Carll*.  *See* https://www.justice.gov/archives/jm/criminal-resource-manual-225-charging-language-statute

-21-
REPLY TO PLAINTIFF'S MTN. FOR JUD. ON THE PLEADINGS

Here, the "indictment" (Ex. 1 [Dkt. 29-3.]) fails because it has uncertainty and ambiguity.  For example, in "continuum[1]" violation cases with uncodified lines, assuming *arguendo* they survive void-for-vagueness, there are implied, necessary elements, like where the alleged line is.  Furthermore, the description of the violation in the "indictment" (Ex. 1 [Dkt. 29-3.]) mixes and matches different parts of the ordinance and thus doesn't even state a violation on its face.  *Compare* (Ex. 1 [Dkt. 29-3]) *with* RJN Nos. 15-16.  And the sheer length of section 5-7-4 also requires specificity of the subsection allegedly violated, and which is absent from the "indictment." (*Id.*)  There is but one position the "indictment" conveyed to Plaintiff: Defendants subjectively determined they didn't like the "aesthetics."

It should be noted that, "[i]t is a settled rule that a bill of particulars cannot save an invalid indictment." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (citations omitted).  Therefore, the "indictment" (Ex. 1 [Dkt. 29-3.]) must stand on its own.

To be clear, Plaintiff is seeking the Court to declare: (1) the indictment standard applies to citations from Defendants; and (2) the specific citation (Ex. 1) failed to comply with that standard.

### D.    Supplemental Arguments Regarding *Younger*

Defendant misstates the "pending" discussion in case such as Beltran v. State, 871 F.2d 777, 782 (9th Cir. 1988).

Namely, if an action is not pending at the time of filing of a federal complaint, it can be subsequently stayed.  And if an action is pending at the time of filing of a federal complaint, it cannot be stayed, or effectively stayed, assuming the requirements of *Younger* are met, which include the requirement that the state court

_____

[1] It is Plaintiff's position that "continuum" violations, i.e. violations that require a line be drawn (e.g. untrimmed, unaesthetic, etc.) are necessarily void for vagueness if the line is not codified.  But if the Court disagrees, the pleading requirements an "indictment" can and must be higher as set forth, above.

REPLY TO PLAINTIFF'S MTN. FOR JUD. ON THE PLEADINGS

proceeding must **still** be pending.  Namely, even if *Younger* could have applied prior to the administrative hearing, certainly now it cannot.

*Huffman v. Pursue, Ltd*., 420 U.S. 592 (1975) relates to a federal injunction barring enforcement of a state-court final judgment, and thus doesn't apply here (to the extent it's hasn't been subsequently overruled.)   Further, there's also the issue of issue/claim preclusion in *Huffman*.  Here, there is no final judgment.  And in *Huffman*, de novo review was certainly not pending in federal court as it is here.

### E.    Supplemental Arguments in Support of The Third Claim

Plaintiff never argued *Lingle* **changed** the standard for due process.  See, above.  Thus, Defendants arguments are a straw-man argument.

"To survive rational basis review, the government must offer a 'legitimate reason' for passing the ordinance."  *Yim v. City of Seattle*, 63 F.4th 783, 799 (2023). Here, Defendants have not stated any reason, let alone a "legitimate" reason for the challenged ordinances.  Further, Plaintiff believes Defendant is trying to sever all the analysis because Defendant's arguments in support of one claim hurt their defenses to others.  I.e. they are mutually inconsistent.  Thus, Plaintiff contends that Defendant is playing fast and loose with this Court by failing to even attempt to state a purpose for the ordinances at issue, and the failure is fatal to Defendant and requires entry of judgment on the third claim in favor of Plaintiff declaring the challenged ordinances (sections 5-7-3, 5-7-4, and 8-4-1) violative of due process.

Argued in the alternative: an uncompensated taking is not a legitimate purpose.  (See Twelfth Claim.)  And Plaintiff has alleged in paragraph 11 of its Complaint [Dkt. 1] illegitimate discriminatory motives for the ordinances which require heightened scrutiny.  (The latter argument was not raised in Plaintiff's motion [Dkt. 29.] because the Court cannot take judicial notice of Defendant's motives or a disparate impact.)

### F.    Supplemental Arguments in Support of The Fifth Claim

*Haaland v. Brackeen*, 599 U.S. 255, 281-287 (2023) is not on point because

REPLY TO PLAINTIFF'S MTN. FOR JUD. ON THE PLEADINGS

Defendant misstates Plaintiff's argument. Plaintiff's argument is simple: pursuant to the **First Amendment**, Defendants cannot effectively compel Plaintiff to file a court action. The commandeering discussed in *Haaland* is based upon the Tenth Amendment. Since Defendants are not the federal government, clearly the Tenth Amendment doesn't apply. Rather, what Plaintiff is arguing is that **by analogy** to the Tenth Amendment (rights reserved to the states and individuals) and the anticommandeering doctrine (impermissibly forcing the exercise of a constitutional rights reserved to another), the First Amendment prohibits any requirement to force someone to commence an action, even an entity such as Plaintiff. *See Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010) (entities have First-Amendment rights.)

As to the alternative grounds stated in the Fifth Claim in paragraph 44, the defense to that ground appears to be an analogy to glass breakage (store and head lights.) First, both are safety related, not aesthetic. Second, the wrongful act is not the failure to "clean up", but the affirmative act of permitting the customers to enter the area of the breakage, or subsequently driving. There is no evidence Plaintiff's the advertisements are dangerous, or Plaintiff's property is open to the public. Finally, intentionally breaking something is prohibited by law. In contrast, Defendant has not outlawed the tossing of advertisements (See RJN No. 3.) – only the putative failure to clean them up in some **unspecified** amount of time. (See void for vagueness.)

Further, implied in *Bajakajian* is a duty of Defendants to mitigate their alleged harm discussed more, below.

### G.    Supplemental Arguments in Support of The Eighth Claim

Defendant is confused. It is not **the state of California** or an agency thereof. That's why it can be directly sued under 42 U.S.C. § 1983 without violation of the Eleventh Amendment. Rather, Defendant is a municipal corporation (RJN. 1) which is a creature of state law just like a non-municipal corporation is. Thus, from a

federal-constitutional prospective, Defendant is indistinguishable from a non-municipal corporation.

State laws can be found to be unconstitutional, and any state laws that purports to authorize a corporation (municipal or otherwise) to criminally prosecute are just as invalid as a state law that purports to allow a private citizen to prosecute for the reasons set forth, above. *See, also,* (Defendant's Opp'n at 27:24-28:10 [Dkt 33.])

$100.00 is an unreasonable fine on its face for any violation of sections 5-7-3, 5-7-4, or 8-4-1. And also the judicially-noticeable facts establish that $100.00 is an unreasonable fine for the violations alleged by Defendants against Plaintiff. In particular, the lack of actual harm coupled with the unwillingness of Defendants to explain what they wanted Plaintiff to do and also Defendants' constantly moving target. (RJN. 27 – citing to Exs. 4 and 6 [Dkt. 29-6 and 29-8].)

Further, in opposing standing, Defendant appears to have selective memory of the threats they made to fine Plaintiff daily. (RJN. 27 - Ex. 6 ("Each day constitutes a new and separate code violation.") [Dkt. 29-8].); RJN. 11, 24 ("$100.00 + $200.00 + ($500.00 x 363) = $290,400.00" (per year).) That fine schedule is unreasonable on their face for any violation of sections 5-7-3, 5-7-4, or 8-4-1. And also the judicially-noticeable facts establish that such a fine schedule, should Defendants follow through on their threats, are unreasonable fines for the violations alleged by Defendants against Plaintiff.

*Moustakis v. City of Fort Lauderdale*, 338 F.Appx. 820, 821-822 (11th Cir. 2009) is clearly distinguishable. First, it's unclear what the violation even was. Second, the Moustakises challenged the fines under the Florida Constitution, so the Court cited to Florida authority that would not apply here. Third, unlike Florida, the California Legislature requires cities to enact a hardship waiver procedures, which Plaintiff contends is required before a city could even have (purported) state authority to fine. *See* Cal. Gov't Code § 36900(e) ("A city levying a fine … shall establish a process for granting a hardship waiver … .") Third, there is no evidence

the Moustakises attempted to work with the city.  Namely, the *Moustakis* Court found: "The Moustakises have not alleged any facts that demonstrate that the lien and underlying fines are excessive under either the Florida Constitution or the United States Constitution."  In contrast, here, Plaintiff has both alleged and proven via judicial notice: (i) that it offered to comply if only Defendants would tell them what they wanted from Plaintiff.  (RJN. 27 - citing to Exs. 4 and 6 [Dkt. 29-6 and 29-8]); (ii) Defendants constantly moved the goal posts (*Id.*); (iii) days after the citation was issued, the codes were challenged by Plaintiff in Court, including an offer to comply with whatever the Court finds survives.  (*Id.*); (Citation – Ex. 1 [Dkt. 29-3.]); (Compl. [Dkt. 1.]).  Subparts (i), (ii) and (iii) are especially important in light of section 36900(e) of the California Government Code.

Further, *Moustakis* is not binding on this Court.  Thus, to the extent the violations in *Moustakis* were anything resembling violations here, then $700,000.00 is certainly unreasonable for even fourteen years of violation of sections 5-7-3, 5-7-4, or 8-4-1 and thus *Moustakis* would be bad law.  $700,000.00 for having "untrimmed" bushes?  The *Moustakis* Court never even discussed the "gravity of the offense", and thus its analysis appears to defy *Bajakajian*.  It is simply unconstitutionally tyrannical for a city to sit on its hands while fourteen years of fines accrue, then "take" a house.  If the "gravity of the offense" is severe enough to warrant taking a home, certainly a city should take action before the fines exceed the value of the home by over threefold.  **If a private litigant has a duty to mitigate damages, certainly a city (which should be held to at least the same standard, if not higher) does as well per *Bajakajian*.**  *See, by analogy*, *Shaffer v. Debbas*, 17 Cal. App. 4th 33, 41 (Cal. Ct. App. 1993).  There are numerous ways a city (at least in California) can abate a violation of their ordinances through the civil courts (Cal. Gov't Code § 36900(a)), without resorting to criminal punishment (let alone waiting fourteen years like in *Moustakis*).  Requiring the civil courts for alleged violations of sections 5-7-3, 5-7-4, or 8-4-1 have been violated, and how to cure, has the added

-26-

REPLY TO PLAINTIFF'S MTN. FOR JUD. ON THE PLEADINGS

constitutional safeguards of an independent third party (a judge), not some biased city employee, determining whether there is a violation and how to cure before substantial fines have accrued.

In the final alternative, Defendants did not comply with section 53069.4(a)(2) of the California Government Code and thus exceeded their purported state authority because they failed to provide a reasonable opportunity to cure. Namely, they continued to move the goal posts and failed to explain what they wanted. (RJN. 27 - citing to Exs. 4 and 6 [Dkt. 29-6 and 29-8]). And the California Legislature does not grant them the ability to fine until they comply with section 36900(e) of the California Government Code by enacting a hardship process, which they have not done. (RJN No. 3.)

### H.   Supplemental Arguments in Support of The Thirteenth Claim

Defendant is misleading the Court about what Plaintiff is seeking in its Thirteenth Claim. Plaintiff is not seeking to criminally prosecute Defendants. Rather, Plaintiff is asserting a claim for violation of 42 U.S.C. § 1983, which private parties can clearly assert.

Ironically, the authorities cited by Defendants to defeat the straw-man argument that Plaintiff is attempting to criminally prosecute Defendants further support the proposition that a municipal corporation cannot prosecute Plaintiff as asserted in the eighth claim of the Complaint.

### I.   Defendant Is Mistaken That Plaintiff Must Find Authority That It's Affirmative Defenses Don't Exist; Nor Did Defendants Even Provide "Fair Notice"

It should be very telling that Defendants cannot find a single authority which supports the legal existence of their affirmative defenses as applied to Plaintiff's claims. This has Rule 11 implications. Indignation is neither an argument, nor authority. As a matter of logic and common sense, a party must always bear the burden of establishing the *prima facie* validity of their assertions. *See, by analogy,*

-27-

*United States v. Cortez-Rivera*, 454 F.3d 1038, 1042 (9th Cir. 2006) ("fairness and common sense often counsel against requiring a party to prove a negative …").

The physical ability to insert affirmative defenses into an Answer is only limited by the keys on a keyboard.  While a defendant can simply deny facts and elements of a plaintiff' claims, it must provide authority, or valid argument for extension of existing authority, that actually persuades the Court when the legal sufficiency of its affirmative defenses as Plaintiff did in its motion [Dkt. 29.].

Because Defendants' affirmative defenses don't apply to Plaintiff's claims as a matter of law, they cannot be cured by amendment.  *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) ("A district court should grant leave to amend even if no request to amend the pleading was made, **unless it determines** that the pleading could not possibly be cured by the allegation of other facts." (brackets and citation omitted and emphasis added)).

DATED: March 3, 2025          M.K. HAGEMANN, P.C.

By: _____
Michael K. Hagemann
Attorneys for Plaintiff 431 S ALMONT LLC

## **CERTIFICATE OF COMPLIANCE – WORD LIMIT (L.R. 11-6.2)**

The undersigned, counsel of record for Plaintiff 431 S ALMONT LLC, certifies that this brief (i.e. the memorandum) contains 6,526 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 3, 2025          M.K. HAGEMANN, P.C.

By: _____
Michael K. Hagemann
Attorneys for Plaintiff 431 S ALMONT LLC